# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-213-MOC-DCK

| | |
|---|---|
| CAMERON MCINTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHELSEA THERAPEUTICS ) | |
| INTERNATIONAL, LTD., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on plaintiff Roman Zak's Motion For Appointment As Lead Plaintiff and Approval of His Selection of Lead and Liaison Counsel (#29); plaintiff Terry Miller's Motion for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel (#33)[1]; plaintiff Richard D'Onofrio's Notice of Motion and Motion for Appointment as Lead Plaintiff and for Approval as Lead Plaintiff's Selection of Lead and Liaison Counsel (#37); plaintiffs' Chelsea Investor Group's Motion to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel (#36), and plaintiff Anthony Schwartz's Motion for Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel (#38). Having considered the motions under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the court issues the following Order appointing plaintiff Roman Zak as lead plaintiff.

---

[1]Miller withdrew his motion on June 21st (#49).

**BACKGROUND**

This case consists of three securities class action cases which were consolidated by Judge Keesler on May 9, 2012. # 17. The cases were consolidated into the instant matter, in which a complaint was filed on April 4, 2012. Consistent with 15 U.S.C. § 78u-4(a)(3)(A)(i), on the same day, counsel for a plaintiff published notice over *Globe Newswire*, announcing that a securities class action had been filed against defendants. Accordingly, those who had purchased securities of defendant were on notice that any plaintiff interested in being appointed as lead plaintiff of the purported class must move the court within 60 days of the publication notice. See 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). All five plaintiffs moving for lead plaintiff filed timely motions on June 4.

**STANDARD OF REVIEW**

Pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), once appropriate notice has been given, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i).

Under the PSLRA, there is a presumption that the most adequate plaintiff in any private action is the person or group of persons who: (1) has either filed the complaint or made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal

Rules of Civil Procedure. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The lead plaintiff is entitled to select lead counsel to represent the class, subject to the court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v); see also Fed.R.Civ.P. 23(g). Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members. *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

Under Fed.R.Civ.P. 23(a) and (b), the claims or defenses of the representative party must be typical of the claims or defenses of the class, and the representative party must fairly and adequately protect the interests of the class. A presumptive lead plaintiff need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of the rule to be appointed. In re Cree, Inc., Secs. Litig., 219 F.R.D. 369, 372 (M.D.N.C., 2003) (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir.2001)). This presumption is rebutted only upon proof by a member of the proposed plaintiff class that the presumptively most adequate plaintiff (1) will not fairly and adequately protect the interests of the class, or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

## DISCUSSION

Plaintiff Roman Zak ("Zak") meets the presumptive requirements of lead plaintiff under the PSLRA. First, he properly motioned the court to be lead plaintiff within 60 days of the published notice. See 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Second, Zak reports

3

the largest financial interest by far in the litigation and states that his losses are approximately $394,354.82. Zak Mot., p. 1. Third, Zak states that he satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. With respect to the typicality requirement, Zak states that his claims are typical, if not identical, to the other class members, having purchased defendant's common stock, suffered damages due to defendant's actions, and possessing claims against defendant and its officers and/or directors. Zak Mem., p. 7. He also states that he can adequately protect the class interests, in part due to his selection of Faruqi & Faruqi, LLP to serve as lead counsel. Id., p. 8.

Plaintiff CIG challenges Zak as presumptive lead plaintiff and submits it is the "most adequate plaintiff." CIG is comprised of two individuals, Jack P. Marangi and Kevin Peersen, who claim combined losses of approximately $155,020.00. CIG Mem., p. 1. It alleges that Zak is not typical, based on when he purchased shares of stock and loss in relation to defendants' allegedly materially misleading statements during the relevant time period. Id., pp. 9-10. CIG further alleges that the timing of Zak's stock purchases make him subject to a unique defense and should thus not be appointed as lead plaintiff. Id., p. 15. In response, Zak counters that CIG is an inappropriate lead plaintiff, in part because its lack of a previous relationship prior to the class action suit. Zak Reply Mem., p. 18.

The court has reviewed the other motions and notes that defendants, Chelsea Therapeutics International, Ltd., Simon Pedder, L. Arthur Hewitt, J. Nick Riehle, and

William D. Schwieterman, have not yet taken a position regarding the appointment of lead plaintiff and the selection of lead counsel. Defendants' Resp., p. 1. Plaintiff Richard D'Onofrio filed a Memorandum in Further Support (#54) and indicates his approval of Zak as presumptive lead plaintiff and disapproves of CIG as lead plaintiff, based on CIG's lack of a pre-existing relationship. D'Onofrio Mem. in Further Supp., pp. 1, 3.

Having reviewed the motions and the pleadings, the court finds that plaintiff Zak meets the requirements of lead plaintiff. With respect to his choice of counsel, Zak has submitted a summary of the proposed lead counsel's qualifications, including experience with securities fraud litigation, antitrust litigation, and consumer fraud litigation, and a firm profile with biographical data concerning each attorney employed with the firm. Based upon the information provided, the court is satisfied that Zak's counsel are capable of pursuing the litigation.

## ORDER

**IT IS, THEREFORE, ORDERED** that "Roman Zak's Motion For Appointment As Lead Plaintiff And Approval Of His Selection Of Lead And Liaison Counsel" (# 29) is **GRANTED**. Lead counsel is directed to file any consolidated amended complaint on or before September 21, 2012.

**IT IS FURTHER ORDERED** that the "Motion Of Chelsea Investor Group to Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice Of Counsel" (#36) is **DENIED**.

**IT IS FURTHER ORDERED** that "Richard D'Onofrio's Notice Of Motion And

Motion For Appointment As Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead And Liaison Counsel" (# 37) and Memorandum in Further Support (#54) is **GRANTED IN PART**, to the extent that Zak is appointed lead plaintiff, and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the "Motion By Anthony Schwartz For Appointment As Lead Plaintiff And Approval Of Lead And Liaison Counsel" (# 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the "Motion of Terry Miller For Appointment as Lead Plaintiff and Approval of Lead and Liaison Counsel" (#33) is **DENIED** as moot.

**SO ORDERED**.

Signed: August 16, 2012

Max O. Cogburn Jr.
United States District Judge