UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-213-MOC-DCK

| | |
|---|---|
| CAMERON MCINTYRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHELSEA THERAPEUTICS | ) |
| INTERNATIONAL, LTD., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Lead Plaintiff Roman Zak ("Lead Plaintiff"), on behalf of all Class Members, on the one hand, and Defendants Chelsea Therapeutics International, Ltd., Simon Pedder, and William D. Schwieterman (collectively "Defendants" and together with Lead Plaintiff, the "Settling Parties"), on the other hand, by and through their respective counsel, have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving a settlement in the above-captioned class action (the "Action") in accordance with a Stipulation and Agreement of Settlement dated as of May 23, 2016 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for settlement in the Action and for dismissal with prejudice of the Action as against Defendants;

WHEREAS, the Court, having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:

1. The Court preliminarily approves the Settlement as being fair, reasonable, and adequate, subject to further consideration at a hearing to be held before this Court on **MONDAY SEPTEMBER 19, 2016, AT 10 A.M.** (which is a date at least 100 days from the date of entry of this Order) (the "Final Fairness Hearing") to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; whether the Order and Final Judgment, attached as Exhibit B to the Stipulation should be entered; whether the proposed Plan of Allocation is reasonable and should be approved; whether Lead Counsel's application for an award of attorneys' fees and expenses and an expense award for Lead Plaintiff should be granted; whether Lead Plaintiffs' application and reimbursement of costs and expenses incurred as a result of its representation of the Class should be approved; to hear any objections by Class Members to the Settlement or proposed Plan of Allocation and to any award of fees and/or expenses to Lead Counsel and to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

2. The District Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) for the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to each Class Member; (c) the claims of Lead Plaintiff are typical of the claims of the

Class they seek to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Class and the Lead Counsel previously selected by Lead Plaintiff and appointed by the District Court, Faruqi & Faruqi, LLP, is hereby appointed as Class Counsel.

4. The Class is defined as all Persons who purchased or otherwise acquired Chelsea common stock in the United States or on the NASDAQ Stock Market during the Settlement Class Period who were allegedly damaged thereby. Excluded from the Class are Defendants; members of the immediate families of Defendants; any firm, trust, partnership, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or property interest; and the legal representatives, heirs, successors-in-interest or assigns of such excluded Persons with respect to that excluded purchase or acquisition of Chelsea common stock. Also excluded from the Class is (1) any Person who properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements to be set forth in the Settlement Notice; and (2) any Person who suffered no compensable losses (such as Persons who purchased Chelsea common stock during the Settlement Class Period but sold prior to any partial corrective disclosure).

5. The Court appoints Rust Consulting, Inc. (the "Claims Administrator") to supervise and administer the notice procedure and processing of claims pursuant to the Stipulation.

6. The Court approves the form of the Settlement Notice and Publication Notice, attached hereto has Exhibits A-1 & A-3, respectively, and finds that the mailing and distribution of the Settlement Notice and publishing of the Publication Notice meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled to notice.

7. The Claims Administrator shall cause the Settlement Notice and the Proof of Claim form, substantially in the forms annexed hereto as Exhibits A-1 & A-2, respectively, to be mailed, by first-class mail, postage prepaid, on or before **JUNE 21, 2016** (*i.e.*, **within twenty (20) days** of the date of entry of this Order) ("Notice Date"), to all Class Members who can be identified through reasonable effort. Lead Counsel shall cause the Claims Administrator to publish the Settlement Notice and Proof of Claim on a website designated for the Action by the Notice Date. Lead Counsel shall serve on counsel for each of the Defendants and file with the Court, no later than thirty-five (35) days before the Final Fairness Hearing, proof of mailing of the Settlement Notice and Proof of Claim.

8. The Claims Administrator shall cause the Publication Notice, substantially in the form annexed hereto as Exhibit A-3, to be published once in the national edition of the *Investor's Business Daily* and once over *PR Newswire*, within **ten (10) days** of the Notice Date. Lead Counsel shall, no later than **thirty-five (35) days** before the Final Fairness Hearing, file with the Court proof of publication of the Publication Notice.

9. The Claims Administrator shall be responsible for the receipt of all Proofs of Claim and requests for exclusion and, until further order of the Court, shall preserve all Proofs of Claim and requests for exclusion from any Person in response to the notice. The Claims Administrator shall scan and send electronically copies of all requests for exclusion from the

Settlement in .pdf format (or such other format as shall be agreed) to counsel for each of the Defendants and to Lead Counsel expeditiously after the Claims Administrator receives such requests for exclusion.

10. As part of their reply papers in support of their motion for final approval of the Settlement, Lead Counsel will provide a list of all Persons who have requested exclusion from the Class as defined in the consolidated complaint and all of the information provided to the Claims Administrator for those Persons requesting exclusion, and shall certify that all requests for exclusion received have been copied and provided to counsel for each of the Defendants and Lead Counsel.

11. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired Chelsea common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominees who hold or held Chelsea common stock for beneficial owners who are members of the Class are directed (a) to provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased or otherwise acquired Chelsea common stock during the Settlement Class Period within **seven (7) days** of receipt of the Settlement Notice, or (b) to send the Settlement Notice and Proof of Claim to the beneficial owners. If the nominee owner elects to send the Settlement Notice and Proof of Claim to the beneficial owners, the nominee owner is directed (i) to request additional copies of the Settlement Notice and Proof of Claim within seven (7) days of receipt of the Settlement Notice, and (ii) to mail the Settlement Notice and Proof of Claim within seven (7) days of receipt of the copies of the Settlement Notice from the Claims Administrator, and upon such mailing the nominee owner shall send a statement to the Claims Administrator confirming that the mailing

was made as directed.  Such nominee owners shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for the reasonable expenses of sending the Settlement Notice and Proof of Claim to the beneficial owners.

12. All notice and administrative expenses shall be paid as set forth in the Stipulation.

13. The Claims Administrator is authorized and directed to undertake the actions contemplated by the Stipulation, including the payment or reimbursement of any Taxes or Tax Expenses out of the Settlement Fund and the preparation of tax returns, without further order of the Court.

14. Any Class Member who wishes to participate in the distribution(s) from the Net Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless otherwise ordered by the Court, all Proofs of Claim must be completed and submitted no later than **seventy-five (75) days** from the Notice Date.  Unless otherwise ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund.

15. All eligible Persons who do not request exclusion from the Class at least twenty-one (21) days prior to the Final Fairness Hearing, and in the form and manner set forth in the Stipulation and the Settlement Notice, will be bound by the Stipulation, including, but not limited to, the releases provided therein, and by any judgment or determination of the Court affecting the Class.

16. All eligible Persons requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement Notice.

17. Any eligible member of the Class who has not requested exclusion from the Class may appear at the Final Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; provided, however, that no eligible member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the Settlement and the Order and Final Judgment to be entered approving the same unless no later than **twenty-one (21) days** prior to the date set for the Final Fairness Hearing, such eligible Class Member has served by hand, mail or by overnight delivery written objections and copies of any supporting papers and briefs (which must contain proof of all purchases of Chelsea common stock during the Settlement Class Period and price(s) paid) upon each of the following:

> Richard W. Gonnello
> FARUQI & FARUQI, LLP
> 685 Third Avenue
> 26th Floor
> New York, NY 10017
>
> Barry M. Kaplan
> WILSON SONSINI GOODRICH & ROSATI, PC
> 701 Fifth Avenue
> Suite 5100
> Seattle, WA 98104

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and counsel for each of the Defendants, with the Clerk of the United States District Court for the Western District of North Carolina, 100 Otis Street, Asheville, NC 28801. Persons who intend to object to the Settlement and desire to present evidence at the Final Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Final Fairness Hearing. Any party has the right to object to any testimony or other evidence which a Person objecting to the

Settlement seeks to introduce.

18. Unless the Court otherwise directs, no Class Member or other Person shall be entitled to object to the Settlement, or the Order and Final Judgment to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Settlement and by all proceedings, orders and judgment in the Action.

19. Lead Counsel shall submit papers in support of final approval of the Settlement and its application for an attorneys' fees and expenses award by no later than **thirty-five (35) days** prior to the date set for the Final Fairness Hearing. Reply papers addressing requests for exclusion or objections to the Settlement, Plan of Allocation, or application for attorneys' fees and expenses, shall be due seven (7) days prior to the Final Fairness Hearing.

20. Neither Defendants nor Defendants' Counsel shall have any responsibility for any Plan of Allocation of the Net Settlement Fund or any application for an attorneys' fees and expenses award submitted by Lead Counsel or for an expense award for Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Lead Counsel shall be responsible for the apportionment of fees and expenses amongst Lead Counsel.

21. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts the Released Claims against the Released Parties.

22. The administration of the Settlement and the determination of all disputed

questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

23. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24. Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by the Defendants or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or as an admission by the Lead Plaintiff or any Class Members of any lack of merit of the allegations in the Action in any respect.

Signed: June 1, 2016

Max O. Cogburn Jr.
United States District Judge