UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00213-MOC-DCK

| | | |
|---|---|---|
| **CAMERON MCINTYRE** | ) | |
| **ROMAN ZAK,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CHELSEA THERAPEUTICS** | ) | |
| **INTERNATIONAL, LTD.,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on lead plaintiff's Motion to Remove Settlement Hearing from Calendar. Such motion is unopposed and the parties are in agreement that the lead plaintiff's Unopposed Motion for Distribution of the Net Settlement Fund ("Distribution Motion") can be addressed on the pleadings now before the Court. For good cause shown, the hearing is canceled and the Court will move to consideration of the Distribution Motion.

The Court has carefully considered lead plaintiff's Distribution Motion and the supporting Memorandum of Law (#148), as well as the Declaration of Jason Rabe Regarding: (1) Processing of Claim Forms; (2) Calculation of Recognized Losses Pursuant to the Plan of Allocation, and (3) Proposed Plan for Distribution of the Net Settlement Fund ("Rabe Distribution Declaration") with annexed exhibits, and all of the submissions and arguments presented therewith. Based on that review, the Court finds that the Settlement has reached its effective date and that it is now appropriate to approve the Claims Administrator's administrative determination. Further, the

Court finds that when all matters are considered, it is appropriate to approve late claims that are otherwise valid; however, claims received after April 21, 2017, are rejected as patently untimely.

The Court also concludes that it is appropriate to now distribute the net settlement fund to authorized claimants, and such distribution is approved. The Court also determines that the fees and expenses of Rust Consulting, Inc. ("Rust" or "Claims Administrator") are both fair and reasonable, and were necessary in its capacity as the Claims Administrator. Rust is granted leave to destroy any paper copies of the Proof of Claim forms and all supporting documentation one year after the distribution of the Net Settlement Fund is complete, and electronically filed claims and all administrative records three years after distribution of the Net Settlement Fund is complete.

**ORDER**

**IT IS, THEREFORE, ORDERED** that lead plaintiff's Motion to Remove Settlement Hearing from Calendar (#151) is **GRANTED**, and this matter is removed from the June 26, 2017, calendar and lead plaintiff's unopposed Motion for Distribution of the Net Settlement Fund (#147) is **GRANTED,** as follows:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined.

2. The motion is granted in its entirety and the Court approves the administrative determinations of Rust in accepting and rejecting the Proof of Claim and Release Forms ("Claims" or "Claim Forms").

3. The Net Settlement Fund established by the Settlement of this Action shall be

distributed to Authorized Claimants according to the determinations of the Claims Administrator and consistent with the Stipulation previously approved by this Court on June 1, 2016.

4. Otherwise eligible Claims that were submitted after the September 4, 2016 Claims submission deadline but received on or before April 21, 2017 are hereby deemed timely and shall be included in the distribution.

5. Any Claims that are received after April 21, 2017 or any response to deficiency or rejection letters received after April 21, 2017 are hereby rejected as untimely and shall not be accepted.

6. Ineligible or otherwise deficient Claims are hereby rejected.

7. All distribution checks shall bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY DATE 90 DAYS AFTER ISSUE DATE."

8. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise after the initial distribution of the Net Settlement Fund, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Class Members or to pay any late, but otherwise valid and fully documented Claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in

the Settlement Notice; (ii) second, to pay any additional notice and administration costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Class Members who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel and approved by the Court.

9. Rust may destroy the paper copies of the Claim Forms and all related documentation one (1) year after the distribution of the Net Settlement Fund, and may destroy electronic copies of those documents three (3) years after the distribution of the Net Settlement Fund.

10. The Court hereby authorizes payment from the Settlement Fund of $280,475.09 to the Claims Administrator.

11. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

Signed: June 23, 2017



Max O. Cogburn Jr
United States District Judge

-4-